UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DION GUSSNER,<br><br>                 Petitioner,<br>    v.<br><br>TERRI GONZALEZ, Warden of the California Men's Colony, California Department of Corrections, State of California,<br><br>                 Respondent. | Case No. 12-CV-1876-LHK<br><br>ORDER TO SHOW CAUSE |

Petitioner Dion Gussner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will require Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

On September 30, 2009, the Monterrey County Superior Court sentenced Petitioner to sixteen years imprisonment for gross vehicular manslaughter while intoxicated. As grounds for federal habeas relief, Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, Petitioner contends that his attorney misadvised, misled, withheld and concealed information from Petitioner on the following subjects: (1) the facts of the incident; (2) statements from two key eyewitnesses; (3) whether the attorney had the police incident reports of the accident; (4) whether the District Attorney intended to file second degree murder charges; (5) the law pertaining to the possible offenses that could be charged and the defenses thereto; (6) statements by an accident reconstruction expert; (7) the nature and scope of the investigation and forensic testing; (8) a non-existent early release program by the California Governor to reduce prison crowding; and (9) the amount of conduct credits that would apply to a 16 year prison sentence. Petitioner argues that his attorney's misconduct led Petitioner to plead guilty and admit to two penalty enhancements at the arraignment. Petitioner argues that if he had been properly advised and informed he would not have pled guilty to the offenses of gross vehicular manslaughter and admitted to two penalty enhancements. Liberally construed, the petition states a cognizable claim for relief.[1]

---

[1] Petitioner requests an evidentiary hearing. *See* Pet. ¶ 26. However, pursuant to Habeas Local Rule 2254-7(a):

> A request for an evidentiary hearing by either party shall be made within 14 days from the filing of the traverse, or within 14 days from the expiration of the time for filing the traverse. The request shall include a specification of which factual issues require a hearing and a summary of what evidence the party proposes to offer. An opposition to the request for an evidentiary hearing shall be made within 14 days from the filing of the request. Any reply shall be filed within 7 days from the filing of the opposition. The Court will then give due consideration to whether an evidentiary hearing will be held.

Thus, Petitioner's request for an evidentiary hearing is not ripe and, in any event, fails to "include a specification of which factual issues require a hearing and a summary of what evidence [Petitioner] proposes to offer." Habeas L.R. 2254-7(a). Accordingly, Petitioner's request for an evidentiary hearing is DENIED without prejudice. At the appropriate time, Petitioner may request an evidentiary hearing pursuant to Habeas Local Rule 2254-7(a).

**ORDER**

Good cause appearing, the Court hereby orders the following:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's counsel, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2. Respondent shall serve and file with the Court, within sixty (60) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall serve and file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the answer.

3. Respondent may serve and file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

4. The memorandum includes two minors' names. Pursuant to Federal Rule of Civil Procedure 5.2(a), parties may include only a minor's initials in any filing with the Court. Accordingly, to protect the interests of these minors, the Clerk shall seal the memorandum, ECF No. 2. By July 17, 2012, Petitioner shall re-file a properly redacted memorandum. The parties must ensure that any minor's name and date of birth, as well as the minor's parents' last name, have been redacted in all publicly filed documents. *See* Fed. R. Civ. P. 5.2(a).

**IT IS SO ORDERED.**

Dated: July 9, 2012

_____
LUCY H. KOH
United States District Judge

3

Case No.: 12-CV-1876-LHK
ORDER TO SHOW CAUSE