UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DION GUSSNER, | Case No.: 12-CV-01876-LHK |
| Petitioner, | ORDER DENYING SUMMARY JUDGMENT |
| v. | |
| TERRY GONZALEZ, Warden of the California Men's Colony, | |
| Respondent. | |

Petitioner Dion Gussner ("Petitioner"), a California prisoner currently incarcerated at the California Men's Colony, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 16, 2012. ECF No. 1. Respondent has filed an answer addressing the merits of the petition, ECF No. 11, and Petitioner has filed a traverse. ECF No. 29. Now before the Court is Petitioner's motion for summary judgment ("Mot."). ECF No. 20. Respondent has filed an opposition to this motion, ECF No. 26, and Petitioner has filed a Reply. ECF No. 30. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion suitable for decision without oral argument and hereby VACATES the motion hearing and case management conference set for February 7, 2013. Having considered the parties' submissions, the record in this case, and the relevant law, the Court DENIES Petitioner's motion for summary judgment.

**I.    BACKGROUND**

On August 18, 2009, Petitioner pled guilty to one count of violation of Penal Code § 191.5(a), Gross Vehicular Manslaughter While Intoxicated; admitted two enhancements under Penal Code § 12022.9(b), Great Bodily Injury – Brain Injury or Paralysis, and Vehicle Code § 23558 – Multiple Victims; and stipulated to an upper term sentence. He was sentenced to 16 years in prison. *See* Exh. AAA to Petition for Writ of Habeas Corpus, Order of Monterey County Superior Court ("Superior Court Opinion"), at 2. Petitioner then filed a petition for a writ of habeas corpus in Monterey County Superior Court, alleging ineffective assistance of counsel. The Superior Court denied the petition in a written order dated July 1, 2011. Petitioner then filed a petition in the California Court of Appeal for the Sixth District, again seeking relief for ineffective assistance of counsel. The Court of Appeal summarily denied the petition on December 2, 2011. Petitioner then filed a petition for review of this denial in the California Supreme Court. The California Supreme Court denied review without an opinion on February 16, 2012. Petitioner filed his Petition in this Court on April 16, 2012. Petitioner then filed this motion for summary judgment on October 11, 2012.

## II. DISCUSSION

It was once uncontroversial for courts to consider summary judgment motions or similar procedures in habeas corpus proceedings. Indeed, the Supreme Court explicitly allowed the practice. *Walker v. Johnston*, 312 U.S. 275, 284 (1941); *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977). However, these decisions concerned earlier versions of the federal habeas corpus law. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat 1214, worked a significant change in federal habeas corpus review of state court criminal convictions and severely limited the scope of review. Thus, the Supreme Court's earlier approval of summary judgment during habeas proceedings does not necessarily mean that summary judgment remains appropriate in a habeas proceeding governed by AEDPA. The Supreme Court has not addressed the question since 1977. The most recent case Petitioner cites on the question of the appropriateness of summary judgment in habeas corpus proceedings is from 1990. *See* Mot. at 3 (citing *Johnson v. Rogers*, 917 F.2d 1283, 1284-84 (10th Cir. 1990)). Thus, there does not appear to be any clear authority on the subject under the modern statute.

2

Lower courts have not been consistent in their treatment of the issue. Some courts have decided summary judgment motions on § 2254 petitions without comment on the appropriateness of doing so. *See, e.g.*, *Rowland v. Chappell*, C 94-3037 WHA, 2012 WL 4715262 (N.D. Cal. Oct. 2, 2012). At least one court has concluded that to do so would be inappropriate. *See Buchanan v. Foster*, No. 3:06-cv-00340-LRH-RAM, 2007 WL 2459289 (D. Nev. Aug. 24, 2007). Still other courts have explicitly considered the apparent tension between the requirements for summary judgment and the procedures under § 2254, and have, with varying degrees of hesitation, gone ahead to decide the motion. *See, e.g., Smith v. Cockerell*, 311 F.3d 661 (5th Cir. 2002); *Gentry v. Sinclair*, 576 F. Supp. 2d 1130, 1139 (W.D. Wash. 2008). Given the absence of guidance or consensus, the Court will undertake an analysis of the appropriateness of considering a motion for summary judgment in this case.

Rule 12 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254 ("Habeas Rules") provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Summary judgment is governed by Federal Rule of Civil Procedure ("FRCP") 56, and thus may be applied to a § 2254 proceeding to the extent that FRCP 56 is not inconsistent with the federal statutes governing collateral review of state criminal convictions. FRCP 56 provides, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

One aspect of the federal habeas statute that appears to be in square conflict with FRCP 56 is 28 U.S.C. § 2254(e)(1), which provides in relevant part that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." This requirement that a federal court defer to the state court's factual findings is in conflict with the requirement under FRCP 56 that Courts draw all factual inferences in the nonmovant's favor. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc).

1  A court cannot simultaneously assess all facts in the record in the light most favorable to the
2  nonmovant and accept as true the state court's factual findings based on that same record.

3  Some courts have solved this problem by "substituting" the 2254(e)(1) standard for the
4  usual summary judgment standard, *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated*
5  *on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004) ("Therefore, § 2254(e)(1)-which
6  mandates that findings of fact made by a state court are "presumed to be correct"-overrides the
7  ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the
8  light most favorable to the nonmoving party."); *see also* Brian Means, *Federal Habeas Manual* §
9  8:36.  This procedure, however, would not provide a solution in any case where the state court's
10 findings of fact were not made explicit.  This is especially so where there is more than one basis on
11 which a state court's decision might have rested, as a reviewing federal court cannot easily
12 determine what implied factual findings the state court might have made.

13 Moreover, the procedures of federal habeas review are inconsistent with the purpose of
14 FRCP 56.  FRCP 56 exists to prevent the need for trial.  *See* Advisory Committee Notes, Fed. R.
15 Civ. P. 56, 1963 Amendment ("The very mission of the summary judgment procedure is to pierce
16 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.");
17 *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135-36 (9th Cir. 1975), *disapproved of on other grounds*
18 *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990) ("Summary judgment has, as
19 one of its most important goals, the elimination of waste of the time and resources of both litigants
20 and the courts in cases where a trial would be a useless formality."); *Mintz v. Mathers Fund, Inc.*,
21 463 F.2d 495, 498 (7th Cir. 1972) ("The primary purpose of a motion for summary judgment is to
22 avoid a useless trial.")  In a proceeding where there is no provision for trial, the summary judgment
23 cannot serve this function.  Indeed, the Habeas Rules contemplate an answer and reply (Rule 5), an
24 evidentiary hearing in some cases (Rule 8), and the entry of an order with or without a certificate of
25 appealability (Rule 11), but they do not contemplate either a trial or an additional set of briefing or
26 hearing, which actually *adds* a step rather than serving FRCP 56's function of *reducing* the burden
27 on the court.

Moreover, "[u]nder AEDPA evidentiary hearings in federal court should be rare." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1411, (2011). Summary judgment proceedings in cases that will ultimately largely be resolved without evidentiary hearings anyway seem largely duplicative with the routine consideration of § 2254 petitions, though, as explained above, with a troublingly different standard for reviewing the factual record. Rather, in § 2254 cases where a live hearing to resolve the factual record is not necessary, the proper way for the Court to conserve its resources in the absence of a factual dispute is usually to deny an evidentiary hearing and defer to the existing factual record as determined by the state court.

Finally, the rules for § 2254 proceedings provide a mechanism for courts to rule on petitions where the factual record clearly does not support relief: the Preliminary Review descried in Habeas Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Though there is no facial conflict between this rule and FRCP 56, the two appear intended to serve the same purpose of disposing of cases where the factual record cannot support relief before they reach the final stages of adjudication. The fact that Congress provided a specific procedure for habeas corpus militates against also allowing the use of the more general procedure. In sum, although not in explicit conflict with FRCP 56, the Habeas Rules are a poor fit with FRCP 56.

This case is particularly inappropriate for the kind of merging of standards that would be required to reconcile FRCP 56 with § 2254 because there is considerable uncertainty about the contents of the state court record. There appears to have been additional evidence before the Court of Appeal that was not before the Superior Court, but only the Superior Court wrote an opinion. Mot. at 12; *see also* Pet. Exh. ZZA (declaration of Petitioner concerning whether he would have pleaded guilty, submitted for the first time to Court of Appeal). Additional evidence was also submitted to the California Supreme Court on appeal of the Court of Appeal's denial. *See* Attachment to Exhibits for Petition for Writ of Habeas Corpus (Declaration of Thomas Worthington submitted in California Supreme Court). Both of these declarations are central to

Petitioner's motion, and thus the state court's treatment of these declarations is critical to this Court's resolution of Petitioner's claims. *See* Mot. at 6, 13 (discussing the additional declarations).

In regular § 2254 review, the Court can simply take a summary denial and consider whether, in light of the factual record, there is any reasonable explanation for the denial that would not constitute an unreasonable application of clearly established federal law. *See Harrington v. Richter*, 131 S.Ct. 770, 784-85. Although this analysis of course entails a consideration of the factual record, it does not require the type of detailed piece-by-piece analysis of the factual record required by a motion for summary judgment, because a court need only determine whether there exists a possible reasonable underpinning for the state court's conclusion. Thus, a reviewing court faced with a summary denial can consider what a state court might reasonably have concluded. *See Richter*, 131 S.Ct. at 784. A court considering a motion for summary judgment, in contrast, must determine whether there is any genuine issue of material fact. As explained above, in order to give effect to the requirements of § 2254(e)(1), this Court would have to take all the facts as the state court determined them. In considering the underpinnings of a state court decision, this Court would normally look to the last reasoned state court opinion. *See Ylst v. Nunnemaker,* 501 U.S. 797, 805-06 (1991). In this case, however, the record before the Superior Court, which issued the last reasoned opinion, is not the same as the record before the Court of Appeal, a higher state court that also denied the Petition. There is thus a written opinion to which this Court would normally defer, but that opinion did not make factual findings based on certain key evidence on which Petitioner now wishes to rely. The Court of Appeal, which did consider that evidence, was silent as to factual findings. This is a good example of precisely the type of procedural morass that will result from importing the summary judgment procedure from regular civil cases to the already extremely complex set of procedures governing § 2254 petitions.

Finally, it is not clear how the review Petitioner seeks now is different from the review he will get when the Court considers his complete petition. Though Petitioner has requested an evidentiary hearing, the Supreme Court has explicitly instructed that district courts considering petitions under § 2254(d) may not consider evidence first brought to light in such a hearing, but are rather limited to the record that was before the state court. *See Pinholster*, 131 S. Ct. at 1398.

Thus, in assessing Petitioner's claim under § 2254(d), the Court will consider Petitioner's claims in light of the state court record – precisely what Petitioner is asking for now.  To the extent that there is a difference, it appears to be in the treatment of the facts, a difference which highlights the inappropriateness of considering such a motion now.

As explained above, there is a poor fit between FRCP 56 and the rules and statutes governing federal court review of a state court conviction.  The difficulties are compounded in this case due to the lack of clarity in the contents of the state court record.  Accordingly, the Court finds that a motion for summary judgment is not appropriate in this case, and DENIES Petitioner's motion.

**IT IS SO ORDERED.**

Dated: February 5, 2013

_____
LUCY H. KOH
United States District Judge