1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DION GUSSNER,                                     )   Case No.: 5:12-CV-1876-LHK
                                                  )
                    Petitioner,                   )
                                                  )
        v.                                        )   ORDER DENYING REQUEST FOR
                                                  )   EVIDENTIARY HEARING AND
TERRI GONZALEZ, Warden of the California          )   REQUEST FOR ORAL ARGUMENT
Men's Colony, California Department of            )
Corrections, ATTORNEY GENERAL OF                  )
CALIFORNIA,                                       )
                                                  )
                    Respondents.                  )
_____          )

        Petitioner Dion Gussner ("Petitioner"), a California prisoner currently incarcerated at the

California Men's Colony, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

on April 16, 2012.  ECF No. 1 ("Pet.").  Presently before the Court is Petitioner's Request for

Evidentiary Hearing, ECF No. 31 ("Req."), Supplemental Request for Evidentiary Hearing, ECF

No. 33 ("Supp. Req.") (collectively "Request for an Evidentiary Hearing"), and Request for Oral

Argument, ECF No. 32 (Request for Oral Argument).  These motions are fully briefed.  *See* ECF

No. 35 (Opposition to Request for an Evidentiary Hearing); ECF No. 36 (Reply in Support of

Request for an Evidentiary Hearing); ECF No. 35 (Opposition to Request for Oral Argument).[1]

Having considered the parties' submissions, the record in this case, and the relevant law, the Court

**United States District Court**
For the Northern District of California

_____

[1] Petitioner did not file a Reply in support of Plaintiff's Request for Oral Argument.

DENIES without prejudice Petitioner's Request for Evidentiary Hearing and Petitioner's Request for Oral Argument.

## I.    LEGAL STANDARD

### A.  Request for Evidentiary Hearing

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court generally may not hold an evidentiary hearing on a claim adjudicated by the state court on its merits. *See Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); *Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir. 2005) ("Because a federal court may not independently review the merits of a state court decision without first applying the AEDPA standards, a federal court may not grant an evidentiary hearing without first determining whether the state court's decision was an unreasonable determination of the facts."); *Chandler v. Cate*, 10-CV-02452-LHK, 2012 WL 4120385, at *20 (N.D. Cal. Sept. 18, 2012) (holding that *Pinholster*'s holding applies to § 2254(d)(2)).

Moreover, even if a Petitioner is not seeking to admit new evidence regarding a claim that was adjudicated by the state court, an evidentiary hearing is not permissible unless: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).

### B.  Request for Oral Argument

Requests for oral argument in habeas proceedings are governed by Habeas Local Rule 2254-8, which provides: "A request for an oral argument by either party shall be made within 14 days from the filing of the traverse, or within 14 days from the expiration of the time for filing the traverse or, if an evidentiary hearing is granted, within 14 days after a decision of the Court with respect to the subject matter of the evidentiary hearing.  The request shall include a specification of

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    the issues to be addressed at the argument."  "Upon request of a party, the Court, in its discretion,

2    may set the matter down for oral argument."  Habeas Local Rule 2254-8(b).

3    **II.      DISCUSSION**

4          In the instant case, Petitioner seeks to present evidence regarding "[w]hether Petitioner

5    meant[,] by his expressions of remorse and willingness[,] to accept the 16 year prison sentence

6    pursuant to the plea agreement . . . [and] to forfeit and waive the post-sentence worktime conduct

7    credits to which he was entitled under law."  *See* Req. at 1-2.  Petitioner further states that, if the

8    Court decides to consider the Declaration of Thomas Worthington that was provided to the

9    California Supreme Court, then Petitioner intends to present evidence regarding:

10          (1) Whether defense counsel Thomas Worthington shared the content of the reports of the
              investigator's interviews of Max Gibbons and Ashley Madison with Petitioner;

11
12          (2) Whether Worthington's description about what reconstruction expert Robert Lindskog
              did at the scene of the accident and then reported to Worthington is accurate;

13          (3) Whether Worthington shared the results of Lindskog's view of the scene and the tests
              and evaluations there with Petitioner and his father

14
15          (4) Whether Worthington reviewed the police reports and conveyed their contents to
              Petitioner prior to his guilty pleas;

16          (5) Whether Worthington told Petitioner and Petitioner's father prior to the guilty plea that
              District Attorney Somers was threatening to file second degree murder charges if
              Petitioner did not plead guilty to gross vehicular manslaughter at the arraignment.

17
18   *See id.* at 2-3; Supp. Req. at 1-2.  The additional evidence Petitioner intends to present includes

19   testimony from: (1) Petitioner; (2) Petitioner's father, Thomas Gussner; (3) Petitioner's defense

20   counsel, Thomas Worthington; and (4) reconstruction expert, Robert Lindskog, and also "notes and

     other written materials."  *See* Req. at 1-3; Supp. Req. at 1-2.

21
22          In order to resolve Petitioner's Request for Evidentiary Hearing, the Court must determine

23   whether an evidentiary hearing is permissible under *Pinholster* and 28 U.S.C. §§ 2254(e)(2).

24   Resolution of these issues will require a thorough review of Petitioner's claims on the merits,

25   which the Court will do at a later time.  Accordingly, the Court DENIES Petitioner's Request for

26   an Evidentiary Hearing without prejudice, and the Court reserves the right to *sua sponte* order an

     evidentiary hearing if the Court later deems an evidentiary hearing appropriate.  *See Costella v.*

27
28   *Clark*, No. C 08-1010 PJH, 2009 WL 4730856, at *3 (N.D. Cal. 2009) ("dispos[ing]" of

petitioner's motion for evidentiary hearing and "defer[ing] ruling on [his] request" because his request "require[d], to a large degree, review of [his] claims on the merits"). Likewise, the Court DENIES without prejudice, Petitioner's request for oral argument. The Court may *sua sponte* order that the parties appear for oral argument if the Court later deems it appropriate.

### III.      CONCLUSION

For the foregoing reasons, Petitioner's Request for an Evidentiary Hearing and Request for Oral Argument are DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: August 11, 2013



LUCY H. KOH
United States District Judge

12-CV-1876-LHK
ORDER DENYING REQUEST FOR EVIDENTIARY HEARING AND REQUEST FOR ORAL ARGUMENT

United States District Court
For the Northern District of California